**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DONALD GERARD SAUVE,

Plaintiff,

v.

KANABEC COUNTY, CHRISTA RUTHERFORD-BLOCK, STONEY L. HILJUS, PATRICK J. SCHILTZ, HEATHER MICKELSON, and DANELLE,

Defendants.

Case No. 26-MC-0050 (KMM)

**ORDER**

The Court dismissed this miscellaneous action as frivolous in an Order dated July 8, 2026, and Judgment was entered the following day. (Dkt. 6, 7.) In so doing, the Court observed that United States District Judge Patrick J. Schiltz previously restricted Plaintiff Donald Gerard Sauve from initiating new litigation in this District unless (a) he is represented by counsel or (b) a judicial officer of this District authorizes the filing of the complaint. (Dkt. 6 (citing *Sauve v. Kanabec Cnty.*, No. 25-CV-3694 (PJS/LIB) (D. Minn. Oct. 15, 2025) (Dismissal Order).) Mr. Sauve is not represented by counsel in this action and this Court's dismissal order declined to authorize the filing of his complaint.

Through several post-dismissal filings, Mr. Sauve now asks the Court to reconsider its dismissal order under Local Rule 7.1(j) or pursuant to Federal Rule of Civil Procedure 60(b), and he requests emergency injunctive relief. (Dkt. 8, 13–21.) Permission to file a

motion for reconsideration is granted where a litigant shows compelling circumstances, meaning that reconsideration is needed to correct manifest errors of law or to present newly discovered evidence. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Under Rule 60(b), the Court may provide relief from a final order or judgment for several reasons, including a mistake, newly discovered evidence that could not have been discovered earlier, fraud or misconduct of another party, or any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1)–(6).

Mr. Sauve argues that the Court should reconsider its dismissal order in this case because he did not receive Judge Schiltz's Order imposing filing restrictions on him and he first learned about those restrictions when the Court dismissed this case. He also argues that the prefiling injunction is flawed because he did not receive notice and an opportunity to be heard before it was imposed. (Dkt. 8 at 2.) He also raises concerns about the underlying merits of the prefiling restrictions imposed by Judge Schiltz in his previous case against Kanabec County. (*See id.* at 3.) Further, Mr. Sauve points to a decision by the Minnesota Court of Appeals on July 14, 2026 in which his conviction for violating an order for protection (OFP) was reversed for insufficient evidence. (Dkt. 14 at 3.) The Court of Appeals reversed the conviction because the jury was provided an OFP that was signed on December 7, 2023, and Mr. Sauve was charged with violating an OFP based on conduct that occurred on March 13, 2023. *State v. Sauve*, No. A25-1770 (Minn. Ct. App. July 14, 2026) (Order Opinion).

The Court finds no compelling circumstances or other reason to reconsider the July 8 dismissal order. Mr. Sauve's assertion that he did not receive the previous order

imposing filing restrictions is not compelling because litigants are responsible with providing the Court with an address where they can receive mail and otherwise maintaining contact with the Court. Moreover, this Court's pre-fling review and rejection of Mr. Sauve's proposed complaint in this case was consistent with the pre-filing injunction entered by Judge Schiltz in Case No. 25-cv-3695. Any relief from the filing restriction imposed by Judge Schiltz in that case should be addressed to Judge Schiltz in the case where that restriction was imposed. Finally, the Minnesota Court of Appeals decision on July 14, 2026 does not justify relief from the judgment because it does not undermine the Court's conclusion that the proposed complaint in this action was frivolous.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's motions for permission to file a motion for reconsideration and for other post-dismissal relief (Dkt. 8, 13, 14, 15, 16) are **DENIED**.

Date: August 24, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Court